IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MADISON MUTUAL INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    vs.<br><br>DIAMOND STATE INSURANCE COMPANY,<br><br>            Defendant. | Case No. 14-cv-565-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own initiative for purposes of case management.  Specifically, the Court questions whether it has jurisdiction over this matter.

Federal courts are courts of limited jurisdiction.  They may exercise jurisdiction only over matters authorized by the Constitution and by statute.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997).  Moreover, federal courts must police the boundaries of their own jurisdiction.  Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).  As such, this Court conducts a rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

In its complaint (Doc. 2), plaintiff Madison Mutual Insurance Company has invoked but not properly pled diversity of citizenship as a basis of federal jurisdiction.  Federal courts have jurisdiction over a civil action between citizens of different states.  28 U.S.C. § 1332(a)(1) (2006).  "For the purposes of [§ 1332(c)] . . . , a corporation shall be deemed a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of

business." *Se. Guar. Trust Co., Ltd. v. Rodman & Renshaw, Inc.*, 358 F. Supp. 1001, 1005-1006 (N.D. Ill. 1973) (emphasis added).  Here, plaintiff has failed to allege the parties' states of incorporation and principal places of business.

Accordingly, the Court **ORDERS** plaintiff to file an amended complaint correcting these and *any other* jurisdictional defects by **June 6, 2014.**  *See Tylka*, 211 F.3d at 448 ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme.").  Should it fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:** May 21, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
